UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YUDELKA E. PEREZ,                                              15 CV 3405 (JGK)(HBP)

                Plaintiff,                            **ANSWER**

ISABELLA GERIATRIC CENTER, INC.,

                Defendant.
------------------------------------------------------------------X

      Defendant, ISABELLA GERIATRIC CENTER, INC, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby appears and answers the Complaint as follows:

### INTRODUCTION

      1.    DENIES the allegations and any violation of the alleged statutes set forth in Paragraph 1 of the Complaint, except ADMITS that Plaintiff purports to proceed as set forth therein.

### THE PARTIES

      2.    DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, except ADMITS that Plaintiff is an individual.

      3.    ADMITS the allegations set forth in Paragraph 3 of the Complaint.

      4.    ADMITS the allegations set forth in Paragraph 4 of the Complaint.

      5.    In response to Paragraph 5 of the Complaint, respectfully refers the Court to the alleged writing as the best evidence of its complete content, ADMITS that in 2012, Defendant employed more than 50 employees at the location where Plaintiff worked, and otherwise DENIES the remaining allegations set forth therein.

## JURISDICTION AND VENUE

6. States that Paragraph 6 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a response is required, DENIES the allegations set forth therein.

## PROCEDURAL REQUIREMENTS

7. ADMITS that the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue and determination on or about February 3, 2015, a copy of which is annexed to the Complaint as Exhibit A, <u>dismissing</u> the Plaintiff's charges and closing its file on the grounds that, after investigation, it was, "[u]nable to conclude that the information obtained establishes violations of the statutes"; DENIES knowledge and information as to if and when such Notice was received by Plaintiff, and otherwise DENIES the remaining allegations set forth in Paragraph 7 of the Complaint.

## ANSWER TO FACTUAL BACKGROUND

8. ADMITS the allegations set forth in Paragraph 8 of the Complaint, except DENIES knowledge and information sufficient to form a belief as to when Plaintiff began working as an Oxygen Attendant.

9. ADMITS that Defendant's records show that Plaintiff was employed as an on-call per diem beginning on September 19, 2005; became a temporary employee on November 13, 2005; and, beginning January 1, 2006, became a regular full-time employee normally scheduled for 37.5 hours per week; and otherwise DENIES the allegations set forth in Paragraph 9 of the Complaint.

10. ADMITS that as of October 7, 2007, Plaintiff held licenses to work as a CNA and Oxygen Attendant, and otherwise DENIES the allegations set forth in Paragraph 10 of the Complaint.

11. DENIES that Plaintiff is a disabled individual under the statutes alleged, DENIES the applicability of those statutes to the facts herein, and DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 11 of the Complaint.

12. DENIES the allegations set forth in Paragraph 12 of the Complaint.

13. ADMITS that Plaintiff's last day of work was June 29, 2012; DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint concerning Plaintiff's claims as to how she allegedly felt and what symptoms she allegedly experienced; DENIES that Plaintiff properly complained that she was unable to work; DENIES the allegations contained in the last sentence of Paragraph 13 of the Complaint; and otherwise DENIES the remaining allegation contained in Paragraph 13 of the Complaint.

14. ADMITS that plaintiff was responsible for attending to a resident/patient of the Nursing facility on the morning in question and that she failed to do so after shouting and complaining about her job assignment that morning; DENIES that employee Palmer had any responsibility related to the resident/patient to whom Plaintiff was attending; DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint concerning Plaintiff's alleged symptoms and statements to Ms. Palmer; and otherwise DENIES the remaining allegations contained in Paragraph 14 of the Complaint.

15. DENIES that Plaintiff sought or obtained permission to leave her resident/patient, but ADMITS, upon information and belief, that Plaintiff stopped momentarily at the Nursing Office to inform them that she had decided to leave, in response to the allegations set forth in Paragraph 15 of the Complaint.

16. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint.

17. DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint.

18. DENIES that employee Palmer was with the resident/patient whom Plaintiff abandoned, or that employee Palmer had any responsibility concerning that resident/patient or advance knowledge that Plaintiff would abandon that resident/patient; and DENIES knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 18 of the Complaint.

19. DENIES the allegations set forth in Paragraph 19 of the Complaint.

20. DENIES knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint.

21. DENIES the allegations set forth in Paragraph 21 of the Complaint.

22. ADMITS that Plaintiff "left early", DENIES that she properly requested leave, and DENIES each and every other allegation set forth in Paragraph 22 of the Complaint.

23. ADMITS that Plaintiff was suspended on June 29, 2012 for her misconduct that morning, and was terminated by Defendant on July 12, 2012 after investigation of her misconduct occurring on June 29, 2012, and otherwise DENIES the allegations set forth in Paragraph 23 of the Complaint.

24. ADMITS that Plaintiff was suspended on June 29, 2012 for her misconduct that morning, and was terminated by Defendant on July 12, 2012 after investigation of her misconduct on the morning of June 29, 2012, and that such misconduct included improperly objecting to, and arguing and screaming unprofessionally in the presence of residents/patients and their families, about her assignments that day, followed by walking off of her assignment and leaving a resident/patient unattended on the toilet, and otherwise DENIES the allegations set forth in Paragraph 24 of the Complaint.

25. DENIES the allegations set forth in Paragraph 25 of the Complaint.

26. DENIES the allegations set forth in Paragraph 26 of the Complaint.

27. ADMITS the allegations set forth in Paragraph 27 of the Complaint.

28. States that Paragraph 28 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, ADMITS that Plaintiff was employed for at least twelve months prior to her discharge and worked at least 1250 hours within that twelve-month period, but DENIES the applicability of the FMLA to the facts herein, and DENIES any violation of the FMLA.

29. States that Paragraph 29 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of the FMLA to the facts herein, and DENIES any violation of the FMLA.

30. DENIES the allegations set forth in Paragraph 30 of the Complaint.

31. DENIES the allegations set forth in Paragraph 31 of the Complaint.

32. DENIES the allegations set forth in Paragraph 32 of the Complaint.

82424.2 7/10/2015

33.     DENIES the allegations set forth in Paragraph 33 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

34.     In response to Paragraph 34 of the Complaint, repeats and incorporates by reference its responses to the Paragraphs referenced therein.

35.     DENIES that the Plaintiff suffered from a disability as defined by the statutes alleged in Paragraph 35 of the Complaint; DENIES that Defendant was aware of any alleged disability, or that any alleged disability was a factor in her termination; and DENIES knowledge and information sufficient to form a belief as to the truth or falsity of the alleged symptoms or limitations which Plaintiff claims to currently suffer, nor when she allegedly suffered from them.

36.     DENIES that the Plaintiff suffered from a disability as defined by the statutes alleged in Paragraph 36 of the Complaint; DENIES that Defendant was aware of any alleged disability, or that any alleged disability was a factor in her termination, and respectfully refers all questions of law to the Court.

37.     DENIES the allegations set forth in Paragraph 37 of the Complaint.

38.     DENIES the allegations set forth in Paragraph 38 of the Complaint.

39.     DENIES the allegations set forth in Paragraph 39 of the Complaint, except ADMITS that Plaintiff was terminated for misconduct which included improperly objecting to, and arguing and screaming unprofessionally in the presence of residents/patients and their families, about her assignments on the morning of June 29, 2012, followed by walking off the job and leaving a resident/patient on the toilet unattended.

40.     DENIES the allegations set forth in Paragraph 40 of the Complaint.

41.     DENIES the allegations set forth in Paragraph 41 of the Complaint.

42.     DENIES the allegations set forth in Paragraph 42 of the Complaint.

82424.2 7/10/2015

43.     DENIES the allegations set forth in Paragraph 43 of the Complaint.

44.     DENIES the allegations set forth in Paragraph 44 of the Complaint

45.     DENIES the allegations set forth in Paragraph 45 of the Complaint.

46.     DENIES the allegations set forth in Paragraph 46 of the Complaint.

47.     DENIES the allegations set forth in Paragraph 47 of the Complaint concerning Plaintiff's performance, except ADMITS that for various years Plaintiff's attendance was good and that she received recognition for good attendance and was part of a group recognition of those who assisted during a Hurricane.

48.     DENIES the allegations set forth in Paragraph 48 of the Complaint.

49.     States that Paragraph 49 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of, or any violation of, the statute referenced therein.

50.     States that Paragraph 50 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of, or any violation of, the statute referenced therein.

51.     DENIES the allegations set forth in Paragraph 51 of the Complaint.

52.     DENIES the allegations set forth in Paragraph 52 of the Complaint.

53.     DENIES the allegations set forth in Paragraph 53 of the Complaint.

54.     DENIES the allegations set forth in Paragraph 54 of the Complaint.

82424.2 7/10/2015

## ANSWER TO SECOND CAUSE OF ACTION

55. In response to Paragraph 55 of the Complaint, repeats and incorporates by reference its responses to the Paragraphs referenced therein.

56. DENIES the allegations contained in Paragraph 56 of the Complaint, DENIES that Defendant was aware of any alleged disability, and DENIES that any such alleged disability was a factor in her termination.

57. DENIES the allegations contained in Paragraph 57 of the Complaint.

58. DENIES the allegations set forth in Paragraph 58 of the Complaint.

59. DENIES the allegations set forth in Paragraph 59 of the Complaint, except ADMITS that Plaintiff was terminated for misconduct which included improperly objecting to, and arguing and screaming unprofessionally in the presence of residents/patients and their families, about her assignments on the morning of June 29, 2012, followed by walking off the job and leaving a resident/patient on the toilet unattended.

60. DENIES the allegations set forth in Paragraph 60 of the Complaint, and DENIES the applicability of the statutory section referenced.

61. DENIES the allegations set forth in Paragraph 61 of the Complaint.

62. States that Paragraph 62 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of, or any violation of, the statute alleged.

63. DENIES the allegations set forth in Paragraph 63 of the Complaint.

64. DENIES the allegations set forth in Paragraph 64 of the Complaint.

65. DENIES the allegations set forth in Paragraph 65 of the Complaint.

82424.2 7/10/2015

## ANSWER TO THIRD CAUSE OF ACTION

66. In response to Paragraph 66 of the Complaint, repeats and incorporates by reference its responses to the Paragraphs referenced therein.

67. DENIES the allegations set forth in Paragraph 67 of the Complaint.

68. DENIES the allegations set forth in Paragraph 68 of the Complaint; DENIES that Defendant was aware of any alleged disability, and DENIES that any such alleged disability was a factor in her termination.

69. DENIES the allegations set forth in Paragraph 69 of the Complaint.

70. DENIES the allegations set forth in Paragraph 70 of the Complaint, and DENIES applicability of the statutory scheme or obligation referenced.

71. DENIES the allegations set forth in Paragraph 71 of the Complaint.

72. DENIES the allegations contained in Paragraph 72 of the Complaint.

73. States that Paragraph 73 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of the City HRL or State HRL to the facts herein, or any violation of the City HRL or State HRL.

74. States that Paragraph 74 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of the City HRL or State HRL to the facts herein, or any violation of the City HRL or State HRL.

75. DENIES the allegations set forth in Paragraph 75 of the Complaint.

76. DENIES the allegations set forth in Paragraph 76 of the Complaint.

77. DENIES the allegations set forth in Paragraph 77 of the Complaint.

82424.2 7/10/2015

## ANSWER TO FOURTH CAUSE OF ACTION

78. In response to Paragraph 78 of the Complaint, repeats and incorporates by reference its responses to the Paragraphs referenced therein.

79. States that Paragraph 79 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of the FMLA to the facts herein, or any violation of the FMLA.

80. States that Paragraph 80 of the Complaint sets forth legal conclusions to which no responsive pleading is required and respectfully refers all questions of law to the Court, but to the extent a responsive pleading is required, DENIES the applicability of the FMLA to the facts herein or any violation of the FMLA.

81. ADMITS that as of June 29, 2012, Plaintiff had worked for Defendant for more than one year, and for more than 1250 hours during the immediately preceding 12 months, but DENIES all other allegations set forth in Paragraph 81, DENIES the applicability of the FMLA to the facts herein, or any violation of the FMLA.

82. ADMITS that Defendant employed more than 50 employees at the location where Plaintiff worked, DENIES the applicability of the FMLA to the facts herein or any violation of the FMLA, and DENIES all other allegations set forth in Paragraph 82 of the Complaint.

83. DENIES the allegations set forth in Paragraph 83 of the Complaint.

84. DENIES the allegations set forth in Paragraph 84 of the Complaint.

85. DENIES the allegations set forth in Paragraph 85 of the Complaint.

86. DENIES the allegations set forth in Paragraph 86 of the Complaint.

87. DENIES the allegations set forth in Paragraph 87 of the Complaint.

82424.2 7/10/2015

88. DENIES the allegations set forth in Paragraph 88 of the Complaint.

89. DENIES that Plaintiff is entitled to any of the relief requested in the Complaint's Prayer for Relief and "WHEREFORE" section (1) through (6).

90. DENIES each and every allegation not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. The Complaint and each cause of action contained therein fails to state a claim, in whole or in part, upon which relief may be granted as against Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92. Plaintiff was discharged from her employment for legitimate, non-discriminatory reasons, unrelated to any alleged discrimination or request for accommodation or leave.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93. Defendant did not violate, and had no intention to violate, any provision of the ADA and/or New York State and City Human Rights Laws.  Therefore, Defendant did not willfully violate, and is not willfully violating, the ADA and/or New York State or City Human Rights Laws.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

94. Defendant has at all times acted lawfully and in a good faith belief that they are and were complying with all applicable provisions of the ADA, FMLA, and/or New York State and City Human Rights Laws, and without any improper or discriminatory motive.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

95. Any damages allegedly suffered by Plaintiff, entitlement to which is expressly denied, were the direct and proximate result of Plaintiff's own action or inaction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

96. Even if, *arguendo*, Defendant had engaged in the alleged discrimination or failure to accommodate or to provide leave alleged in the Complaint, which Defendant denies, Defendant would have taken the same employment actions, in any event, for legitimate, non-discriminatory, non-pre-textual reasons.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

97. Plaintiff has failed in her obligation to mitigate damages she claims to have suffered.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

98. The alleged actions upon which Plaintiff bases her claims in the Complaint are insufficient to warrant imposition of punitive damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or limitations period.

### RESERVATION OF RIGHTS

100. Defendant reserves the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

\* \* \*

82424.2 7/10/2015

**WHEREFORE**, Defendant respectfully requests judgment in its favor and against Plaintiff granting the following relief:

      a.    Dismissing Plaintiff's Complaint in its entirety;

      b.    Awarding Defendant its costs, disbursements and attorneys' fees incurred in defending this action; and

      c.    Any such other and further relief in Defendant's favor as the Court deems just and proper.

Dated: New York, New York  
July 13, 2015

BOND, SCHOENECK & KING, PLLC

By: _____  
David E. Prager, Esq. (DP-4009)  
Jennifer B. Scheu, Esq. (JS-2714)

600 Third Avenue, 22nd Floor  
New York, New York 10016  
(646) 253-2300  
dprager@bsk.com  
jscheu@bsk.com

*Attorneys for Defendant Isabella Geriatric Center, Inc.*